# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

CYNTHIA HARGROVE,         )
                                 )
               Plaintiff,      )
                                 )
v.                             )       CV423-213
                                 )
HCA, *et. al.*,              )
                                 )
              Defendants.    )

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Cynthia Hargrove has filed an Amended Complaint alleging that she was discriminated against based on her race in violation of Title VII of the Civil Rights Act of 1964. *See generally* doc. 15. The Court previously granted her leave to proceed *in forma pauperis*, doc. 10, so the Court proceeds to screen her Amended Complaint. *See* 28 U.S.C. § 1915(e).

"Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). To avoid dismissal, plaintiff's pleadings must "state a

claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.* at 678, and the facts offered in support of the claims must rise to a level greater than mere speculation, *Twombly*, 550 U.S. at 555. Stated otherwise, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Hargrove alleges that she was involved in a verbal confrontation with another employee on December 14, 2022. *See* doc. 15 at 7. She alleges that she is Black and the other employee is White. *Id.* She reported the incident to "Robert Johnson," identified as Director of Physician Services. *Id.* at 2, 7. Johnson told her that he intended to discuss the matter with "the office manager Carmen," but never responded. *Id.* at 7. Later the same evening, "Carmen" informed Hargrove that she should report to work at a different location from her

usual workplace.  *Id.*  Hargrove reported to work at the new location.  *Id.* at 8.  She reported the incident to another employee, whose position is not specified, on December 16th.  *Id.*  The employee indicated that she would respond to Hargrove by the 19th.  *Id.*  Hargrove did not receive the expected response and "contacted Human Resources" on the 20th.  *Id.*  In her complaint to Human Resources, she stated that she felt that she was being "retaliated against," but does not specify what conduct might have been retaliatory.  *Id.*  Hargrove "miss[ed]" holiday-related activities, but the White employee involved in the altercation "was able to attend."  *Id.* As a result of her discomfort at the situation, she developed symptoms of anxiety and depression and seeks damages of $500,000.  *Id.*

Before the Court considers whether Hargrove has stated a Title VII claim against her employer HCA, her claim against Robert Johnson should be dismissed.  Title VII does not provide for individual liability at all.  *See, e.g., Udoinyion v. The Guardian Security*, 440 F. App'x 731, 734 (11th Cir. 2011) (affirming dismissal of individual defendants "because both Title VII and the ADA require that suits be brought only against employer-entities, not persons in their individual capacities."). Accordingly, Hargrove's claim against Johnson should be **DISMISSED**.

Title VII prohibits discrimination in employment decisions on the basis of "race, color, religion, sex or national origin."   42 U.S.C. § 2000e-2(a)(1).   To plead a prima facie case of racial discrimination, a plaintiff must allege facts showing: (1) she belongs to a protected class; (2) she was qualified to do a job; (3) she was subjected to an adverse employment action; and (4) her employer treated similarly situated employees outside of her class more favorably.   *See Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008); *see also Hudson v. Middle Flint Behavioral Healthcare*, 522 F. App'x 594, 596 (11th Cir. 2013) ("In order to establish a *prima facie* case for discriminatory termination under Title VII . . . the plaintiff may show that she (1) was a member of a protected class, (2) was qualified for the job, (3) suffered an adverse employment action, and (4) was replaced by someone outside the protected class[,]" or "that her employer treated similarly situated employees outside of her class more favorably."). Retaliation claims under Title VII require that (1) plaintiff was engaged in protected activity, (2) plaintiff was subjected to an adverse action, and (3) there exists a causal link between the protected act and the adverse employment action.   *See Shannon v. BellSouth Telecomms.*, 292 F.3d 712, 715 (11th Cir. 2002).

The Court is satisfied that Hargrove has pleaded sufficient facts to warrant service of her claims on HCA.  There are sufficient allegations in her Amended Complaint to allege, for screening purposes at least, that she is a member of a protected class, qualified for her job, and that another employee outside of her protected class was more favorably treated.  The allegations of protected activity and a causal link between that activity and adverse employment actions are also sufficient, for screening purposes.  When considering prior versions of Hargrove's complaint, and the documents attached, the Court expressed skepticism that the "transfer" she alleges is sufficient to allege an "adverse employment action."  *See* doc. 10 at 4 n. 2 (quoting *Harris v. Jackson*, 2022 WL 5240396, at *13 (N.D. Ga. July 18, 2022) ("Courts have found that 'temporary, lateral reassignments that involved no material diminution in pay or demotion in form or substance,' were not 'adverse employment actions.'").  The Amended Complaint's allegations concerning Hargrove's assignment to "the new location," doc. 15 at 8, do not diminish that skepticism, but, given that she has alleged facts addressing the adverse-action element of her claim, the sufficiency of her allegation is better determined after service and HCA's responsive

pleading. To be absolutely clear, the Court's determination that Hargrove's Amended Complaint is sufficient for service does not, in any way, express an opinion on the merits of those claims.

Since Hargrove has been authorized to proceed *in forma pauperis*, he is entitled to service by the United States Marshal. *See* Fed. R. Civ. P. 4(c)(3). Since the Court approves her Title VII discrimination and retaliation claims for service, a summons, a copy of her Amended Complaint, doc. 15, and this Order and Report and Recommendation, shall be served by the United States Marshal upon Defendant HCA without prepayment of cost. The Court **DIRECTS** the Clerk of Court to serve a copy of this Order upon Plaintiff. In most cases, the marshal will first mail a copy of the complaint to a defendant by first-class mail and request the defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local R. 4.5. Some defendants have a duty to avoid unnecessary costs of serving the summons, and any defendant who fails to comply with the request for waiver might bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d). The Court also provides the following instructions to the parties that will apply to the remainder of this action.

## <u>INSTRUCTIONS TO PLAINTIFF</u>

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action.  Local R. 11.1.  Plaintiff's failure to notify the Court of a change in her address **may result in dismissal of this case**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of every pleading or other document submitted for consideration by the Court on each Defendant (or, if appearance has been entered by counsel, the Defendant's attorney).  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to each Defendant or the Defendant's counsel.  Fed. R. Civ. P. 5.  "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number."  Fed. R. Civ. P. 10(a).

Plaintiff has the responsibility for pursuing this case.  For example, if Plaintiff wishes to obtain facts and information about the case from a Defendant, Plaintiff must initiate discovery.  *See generally* Fed. R. Civ. P. 26 to Fed. R. Civ. P. 37.  Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court

directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial.  Local R. 26.4.

Plaintiff has the responsibility for maintaining her own records of the case.  If Plaintiff loses papers and needs new copies, she may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page.

If Plaintiff does not press her case forward, the court may dismiss it for failure to prosecute.  Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate in any discovery initiated by a Defendant.   Upon no less than five days' notice of the scheduled deposition date, Plaintiff must appear and permit her deposition to be taken and must answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order.  A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is

required to prepare and file her own version of the Proposed Pretrial
Order.

## ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

A Defendant may choose to ask the Court to dismiss this action by
filing a motion to dismiss, a motion for summary judgment, or both.
Under this Court's Local Rules, a party opposing a motion to dismiss
shall file and serve her response to the motion within 14 days of its
service.  Failure to respond shall indicate that there is no opposition to a
motion.  Local R. 7.5.  Therefore, if Plaintiff fails to respond to a motion
to dismiss, the Court will assume that she does not oppose the
Defendant's motion.  Plaintiff's case may be dismissed for lack of
prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed
within 21 days after service of the motion.  Local R. 7.5, 56.1.  The failure
to respond to such a motion shall indicate that there is no opposition to
the motion.  Furthermore, each material fact set forth in a Defendant's
statement of material facts will be deemed admitted unless specifically
controverted by an opposition statement.  If a Defendant files a motion

for summary judgment, Plaintiff will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be met by reliance on the conclusory allegations contained within the complaint. If a Defendant's motion for summary judgment is supported by affidavit, Plaintiff must file counter-affidavits if she wants to contest Defendant's statement of the facts. If Plaintiff fails to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in the Defendant's affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 6th day of October, 2023.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA